UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                          Case #14-CR-6032-FPG

v.

                                                          DECISION & ORDER

APPRENTIACE SINGLETARY,

                            Defendant.

---

By Text Order entered on March 21, 2014, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). ECF No. 9. The two-count Superseding Indictment in this case charged Defendant with conspiracy to possess and distribute a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and possession and discharge of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2, alleged to have occurred on or between August 2013 and January 8, 2014. ECF No. 24.

Defendant filed an omnibus motion seeking, *inter alia*, to suppress statements he allegedly made to law enforcement on March 3, 2014 at the Rochester Police Department East Division ("RPD"). ECF No. 14. The government filed papers in opposition to the motion to suppress these statements. ECF No. 16. A suppression hearing was held on August 26, 2014, during which RPD Investigator Matt Klein ("Inv. Klein") and Defendant testified. ECF No. 31. Thereafter, on November 24, 2014, the defense filed post-hearing submissions (ECF No. 35), followed on December 8, 2014, by the government's filing of its post-hearing submissions in opposition to the motion to suppress (ECF No. 37).

Magistrate Judge Jonathan W. Feldman filed a Report and Recommendation on December 23, 2014 (ECF No. 39), recommending that this Court deny Defendant's motion to suppress the statements attributed to him. Defendant filed Objections to the Magistrate's Report and Recommendation ("Def. Obj.") on December 30, 2014. ECF No. 41. The government, on January 7, 2015, filed the Government's Response to Defendant's Objections to Magistrate Judge Feldman's Report and Recommendation ("Govt. Resp."). ECF No. 43.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. Under this provision, "[a] judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* Upon a *de novo* review of the Report and Recommendation, and a review and consideration of Defendant's Objections, the government's response in opposition thereto, the transcribed record of the proceedings held on August 26, 2014, the post-hearing submissions of the parties, as well as their motion papers, I find no basis to alter, modify, or reject the Magistrate Judge's Report and Recommendation.

The Magistrate Judge recommended denial of Defendant's motion to suppress his statements to RPD Investigators Klein and Inv. Ed Bernabei on March 3, 2014, rejecting the stated basis of the motion, namely, that these statements were taken in violation of his Fifth Amendment rights because he was in custody and was not advised of, nor waived, his *Miranda* rights before being interrogated by law enforcement. The Magistrate Judge framed the issue presented at the hearing as follows: whether the custodial interrogation took place without reading Defendant his *Miranda* rights and, if read those rights, whether Defendant voluntarily waived them before making statements to the police. ECF No. 39.

As the Magistrate Judge aptly observed, "[i]t is well settled that police may not interrogate a suspect who has been taken into custody without first advising him of his *Miranda*

2

rights," *United States v. Newton*, 369 F.3d 659, 668 (2d Cir. 2004), and "if the police take a suspect into custody and then question him without informing him of [his *Miranda*] rights [], his responses cannot be introduced into evidence to establish his guilt, *Berkemer v. McCarty*, 468 U.S. 420, 429 (1984). Furthermore, to establish a valid waiver of *Miranda* rights, "the government must show (1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right." *United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995) (per curiam) (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). *Miranda* "does not impose a formalistic waiver procedure that a suspect must follow to relinquish those rights." *Berghuis v. Thompkins*, 560 U.S. 385 (2010) ("As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford."). Thus, an express waiver of *Miranda* rights is not required and an implicit waiver may be inferred from the defendant's conduct. *Id.* The Supreme Court has stated that "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong poof of the validity of the waiver, but is not inevitably either necessary or sufficient proof to establish waiver." *North Carolina v. Butler*, 441 U.S. 369, 373 (1979). Thus, "[t]he question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case." *Id.*

The Magistrate Judge thoughtfully applied the afore-stated legal tenets to the instant circumstances. He concluded that while there was no dispute that the police engaged in a custodial interrogation, there was no evidence that the claimed violation of Defendant's Fifth Amendment rights occurred; *Miranda* rights were read to Defendant, and he knowingly and voluntarily waived them.

3

Acknowledging the conflicting testimony of Inv. Klein and Defendant regarding whether *Miranda* rights were read to Defendant prior to questioning, and "based on the hearing testimony and [his] opportunity to view the manner in which each witness described the relevant events," the Magistrate Judge found more credible the testimony of Inv. Klein that (1) he first obtained pedigree information from Defendant to determine whether he was the right individual, was sober, conscious, able to read and write, could understand English, was taking any prescription medications, and recorded Defendant's responses to these pedigree questions "verbatim" on the back of the RPD Notification and Waiver Form 1185 ("Waiver Card"), which was received at the hearing as Government Exhibit 1; (2) based on Defendant's responses, and using his own police training and experience, which included training "regarding the effects of alcohol and also narcotics use," he determined that Defendant could read, write, understand English and was sober, even though he admitted to smoking marijuana earlier that day; (3) Defendant did not appear to be under the influence of drugs or alcohol and appeared to understand the questions posed to him; (4) after making these determinations, he read the *Miranda* warnings "verbatim" from the RPD Waiver Card; (5) at the conclusion of this reading, he proceeded to ask the two waiver questions on the Waiver Card: "Do you understand what I've just said to you?" and "With these rights in mind, do you agree to talk with me now?"; (6) Defendant answered, "Yes, I understand," to the first question, and "Yeah," to the second one; (7) no threats or promises were made by either investigator; and (8) Defendant corrected the typed statement prepared by Inv. Klein during the break in the interview. ECF No. 39.

The Magistrate Judge carefully evaluated Defendant's testimony that Inv. Klein read the pedigree questions but never read his *Miranda* rights at any time during the March 3, 2014 interview, finding that Defendant's testimony did not "ring true" and Inv. Klein's testimony was "more worthy of belief," because "[i]t made little sense for Klein to take time to ask the

foundational questions necessary to establish that a *Miranda* waiver was knowing and voluntary and then ignore advising [Defendant] of the rights themselves." ECF No. 39. This explanation for arriving at the assessment of credibility, based upon observing the witnesses and hearing firsthand both witnesses testify, and contrary to defense arguments, in no way served to shift the burden of proof at the hearing to Defendant.

Inherent in the broad discretion of the district court, as "the ultimate decisionmaker," to accept, reject, or modify a magistrate judge's proposed findings, is the broad discretion to hear witnesses to resolve conflicting credibility claims. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). It has been held that while a district court has discretion to accept a magistrate judge's credibility findings with respect to witnesses' testimony based on the written record, it may not reject these findings without conducting an evidentiary hearing at which the district judge has the opportunity to observe the witnesses and evaluate their credibility firsthand. *United States v. Widner*, No. 09-CR-6225L, 2010 WL 4861508, at *1 (W.D.N.Y. Nov. 30, 2010) (citing *In re Karten*, 293 F. App'x 734, 736 (11th Cir. 2008)) ("The Supreme Court has held that a district judge has broad discretion to accept a magistrate's credibility findings without hearing witness testimony, in the criminal suppression hearing context, consistent with due process.") (citing *United States v. Raddatz*, 447 U.S. 667 680-81 (1980)); *Cullen v. United States*, 194 F.3d 401 (2d Cir. 1999) ("without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding").

After duly considering Defendant's specific objection to the Magistrate Judge's proposed determinations resolving any credibility issues regarding the reading of *Miranda* rights in favor of Inv. Klein, and upon review of the transcribed record and the parties' submissions, I see no reason to disturb the Magistrate Judge's proposed findings. The Magistrate Judge's recommendation to deny the motion to suppress Defendant's statements based upon a violation

5

of his Fifth Amendment rights reflects a well-reasoned analysis of facts and application of the relevant law.

Accordingly, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman. ECF No. 39. Defendant's motion to suppress statements attributed to him (ECF No. 14) is hereby denied in its entirety. The statements shall be admissible at a trial of this matter.

IT IS SO ORDERED.

Dated: Rochester, New York
       January 27, 2015

_____
HON. FRANK P. GERACI, JR.
United States District Judge